UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

VERA T. WELTE TESTAMENTARY TRUST,

    Debtor

Chapter 12

Bankruptcy No. 19-00808

## OPINION AND ORDER ON MOTION TO DISMISS

The matter before the Court is Security National Bank of Sioux City's ("Security National") Motion to Dismiss Case (Doc. 16).  Security National serves as personal representative of The Estate of Roger Rand ("Rand Estate").  Debtor filed a timely objection (Doc. 20) as well as an Objection to Proof of Claim No. 2 (Doc. 29).  The Court held an evidentiary hearing on November 17, 2020 with Jessica A. Board appearing for the Debtor.  Daniel L. Hartnett and Jeremy B. Saint appeared for the Rand Estate and Carol F. Dunbar appeared as the Chapter 12 Trustee.  The Court received exhibits, heard argument, and allowed post-trial briefing.  All papers were submitted, and the matter was taken under advisement.

1

In April 2021, the Court issued its ruling on the matter, holding that the Rand Estate lacked standing to assert its Motion to Dismiss since the Rand Estate did not have a pecuniary interest in the bankruptcy proceedings. The Court based its holding on its conclusion that the dragnet clauses at issue were not enforceable. Accordingly, the Court granted Debtor's Objection to Proof of Claim No. 2.

The Rand Estate timely appealed the Court's decision to the United States District Court for the Northern District of Iowa. On September 22, 2022, the district court issued its ruling that the Iowa Court of Appeals' conclusion regarding the enforceability of the dragnet clauses and the amounts owed under the promissory notes—decided after this Court's ruling—was entitled to preclusive effect. Therefore, the Rand Estate had a valid proof of claim and a pecuniary interest in the bankruptcy proceedings to warrant standing. The district court remanded for further proceedings to address the merits of the Motion to Dismiss.

On March 1, 2024, the United States Court of Appeals for the Eighth Circuit dismissed both parties' appeal of the district court's order for lack of jurisdiction. Subsequently, this Court held a telephonic status hearing on March 29, 2024. Jessica A. Board appeared for the Debtor. David C. Briese and Jeremy B. Saint appeared for the Rand Estate. Carol F. Dunbar appeared as the Chapter 12 Trustee. No additional papers were necessary, and the Court took the matter under advisement

on the briefs previously submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## I. Background/Statement of the Case

The Vera T. Welte Testamentary Trust ("Trust") filed its Chapter 12 petition on June 17, 2019. Frank Welte is the sole beneficiary of the Trust and Claire Welte, Jr., Frank's brother, serves as trustee. The primary asset of the Trust is 160 acres of farmland that is leased to Frank. To finance his farming operations, Frank borrowed money from Roger Rand. Roger initially sold Frank crop inputs on a cash-and-carry basis. As their business relationship progressed, Roger began extending credit to Frank for additional crop expenses. To secure the loans made to Frank, Claire signed mortgages, in his capacity as trustee, pledging the Trust's property as collateral. These mortgage documents contained dragnet clauses which secured not only the amounts owed on the corresponding promissory notes, but all other obligations then-existing, as well as any future obligations. This practice continued annually until Roger's death in 2016.

After Rogers's death in 2016, the Rand Estate initiated an Iowa state court foreclosure action against the farmland pledged as collateral. October 16, 2019, the Iowa state court ruled that the dragnet clauses secured the loans made to Frank that were in excess of the principal amount stated in the promissory notes. Thus, the state court held that the Rand Estate was entitled to over $3 million. Meanwhile, in

the present bankruptcy proceeding on April 22, 2021, this Court ruled that the dragnet clauses were not enforceable under Iowa law and therefore, the Court did not reach the Motion to Dismiss because the Rand Estate lacked standing. After this Court filed its ruling, the Iowa Court of Appeals filed a decision in the Foreclosure Action affirming the state district court decision that the dragnet clauses were indeed enforceable. Security Nat'l Bank of Sioux City v. Welte, No. 200524, 2021 WL 2453107 (Iowa Ct. App. June 6, 2021). Upon appeal of this Court's April 2021 ruling, the United States District Court for the Northern District of Iowa held that the Iowa Court of Appeals' ruling was entitled to preclusive effect. Thus, the matter was remanded to this Court to rule on the Motion of Dismiss consistent with the Iowa courts' findings.

In its Motion to Dismiss, the Rand Estate argues that Debtor ("Vera Trust") is an ordinary testamentary trust, not a business trust, and therefore is not an eligible debtor under the Bankruptcy Code. Vera Trust argues that it qualifies as a debtor since it falls under the definition of a business trust. For the following reasons, the Court grants the Rand Estate's Motion to Dismiss.

## II. FINDINGS OF FACT

The Vera Trust was created by the Last Will and Testament of Vera T. Welte dated December 30, 2002, and the Codicil to the Last Will and Testament of Vera

T. Welte, dated October 7, 2008. Under the trust, Frank enjoys the right to receive income from the Vera Trust during his lifetime, with the remaining corpus, if any, to be distributed to his descendants upon Frank's death. The Vera Trust's primary asset is 160 acres of farmland, which is farmed by Frank under a rental agreement. The Vera Trust also derives income from interest on investment in an LLC.

Claire, as trustee of the Vera Trust, has broad powers, including the power "[t]o borrow money and mortgage or pledge trust property"; to borrow money to acquire additional real estate; to invest in stocks, bonds, real estate, trusts, or any other investment company; to pay expenses and collect insurance proceeds; and "[t]o do all other acts to accomplish the proper management, investment and distribution of the trust."

### III.  CONCLUSIONS OF LAW AND DISCUSSION

Under 11 U.S.C. § 109(f), "[o]nly a family farmer or family fisherman with regular annual income may be a debtor under chapter 12" of the Bankruptcy Code. The term "family farmer" may include a:

> (B) *corporation or partnership* in which more than 50 percent of the outstanding stock or equity is held by one family . . . and
>> (i) more than 80 percent of the value of its assets consists of assets related to the farming operation;
>> (ii) its aggregate debts do not exceed $11,097,350 . . . and not less than 50 percent of its aggregate noncontingent, liquidated debts . . . on the date the case is filed, arise out of the farming operation owned or operated by such corporation or such partnership; and
>> (iii) if such corporation issues stock, such stock is not publicly traded.

5

11 U.S.C. § 101(18)(B) (emphasis added). The term "corporation" includes a business trust, but no other kinds of trusts. 11 U.S.C. § 101(9)(A)(v).

The term "business trust" is not defined in the Bankruptcy Code nor in the Iowa Code.[1] However, the Eighth Circuit has adopted a six-factor test to determine whether a trust is a business trust or an ordinary trust.

> It is well established that a business trust is something more than simply a trust that carries on a business . . . The distinguishing characteristics of a business trust include:
> 1. a trust created and maintained for a business purpose;
> 2. title to property held by trustees;
> 3. centralized management;
> 4. continuity uninterrupted by death among beneficial owners;
> 5. transferability of interests; and
> 6. limited liability.

In re Mosby, 61 B.R. 636, 638 (Bankr. E.D. Mo. 1985), aff'd, 791 F.2d 628 (8th Cir. 1986). Both parties agree that factors two, three, and six are met. However, there is dispute over the remaining factors. While Eighth Circuit case law often finds the first factor to be dispositive[2] (i.e., courts in the Eighth Circuit do not analyze the other factors), the Court will briefly address the first, fourth, and fifth factors.

---

[1] Debtor argues that the term "business trust" is defined under Iowa case law, citing Neville v. Milliron, 840 N.W.2d 728 (Table), 2013 WL 5758195, at *7, n.1 (Iowa Ct. App. Oct. 23, 2013). However, a review of circuit cases reveals there is a consensus that federal law controls on the question of whether a trust is a business trust for purposes of bankruptcy eligibility. Eric C. Surette, *What Constitutes "Business Trust" for Purposes of Bankruptcy Debtor's Eligibility Under 11 U.S.C.A. § 109*, 53 A.L.R. Fed. 3d Art. 2 (2020). Further, the six-factor test adopted by the Eighth Circuit is dispositive of the issue.

[2] See In re Mosby, 61 B.R. 636, 638 (Bankr. E.D. Mo. 1985); In re Margaret E. Dehoff Trust I, 114 B.R. 189, 192 (Bankr. W.D. Mo. 1990); Matter of Betty L. Hays Trust, 65 B.R. 665, 668 (Bankr. D. Neb. 1986); In re Ralph Faber Trust, 113 B.R. 599, 602 (Bankr. D. N.D. 1990).

## A. Trust Created and Maintained for a Business Purpose

Here, the Vera Trust was not established for a business purpose. "The basic distinction between business trusts and nonbusiness trusts is that business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of a nonbusiness trust is to protect and preserve the trust res." Matter of Betty L. Hays Trust, 65 B.R. 665, 667 (Bankr. D. Neb. 1986) (citing In re Treasure Island Land Trust, 2 B.R. 332, 333 (Bankr. M.D. Fla. 1980)). The case most on point is In re Mosby, 791 F.2d 628 (8th Cir. 1986), where the Eighth Circuit affirmed a ruling by the United States District Court and Bankruptcy Court for the Eastern District of Missouri, holding that a trust created for the benefit of the grantor's children was not a business trust. In that case, the trust held real property and utilized this property for hog and poultry operations. In re Mosby, 61 B.R. at 637. Despite the business activity, the trust was held to be a family trust since "the trust was established as a typical family trust rather than for the purpose of conducting a business in the manner of a corporation." Id. at 638.

The Vera Trust was not established for the purpose of conducting a business in the manner of a corporation. The Vera Trust was established as a land trust, with the principal purpose being the preservation of the 160 acres of farmland for the benefit of Frank Welte. As noted by Claire Welte, the trustee, at the evidentiary hearing, "the [Vera] Trust was established to keep the farm going." "Land trusts . .

7

. have never been recognized as business trusts." In re Ralph Faber Trust, 113 B.R. 599, 601 (Bankr. D. N.D. 1990) (citing In re Cahill, 15 B.R. 639 (Bankr. E.D. Pa. 1981)); Matter of Cohen, 4 B.R. 201 (Bankr. S.D. Fla. 1980)). Further, as previously noted, the income-generating activities (i.e., rental income, LLC investment) conducted by the Vera Trust do not change the purpose of its creation. Thus, this first and most critical factor is not met.

### B. Continuity Uninterrupted by Death

The Vera Trust is not continuously uninterrupted by death. The Vera Trust documents provide that the Vera Trust terminates upon the death of Frank Welte and any remaining corpus, if any, is to be distributed to his descendants. Specifically, "[t]he Trust shall last for the life of my son, Frank H. Welte, II." The Debtor essentially concedes this factor in their brief.[3] Based on the trust language, this fourth factor is not met.

### C. Transferability of Interests

Finally, interests in the Vera Trust are not transferrable. While there is no limitation on the beneficiaries' ability to assign income generated from the trust, as noted by the Debtor, the trust language specifically prohibits the disposal or charge

---

[3] In their brief, Debtor states, "The only element that the trust arguably may meet is to 'continuity uninterrupted by death among beneficial owners.'" Despite the trust language, they argue there is a continuity of ownership to the family that is served by the business of the trust. The Court does not find this argument persuasive.

of any interest. Specifically, "none of the beneficiaries of this Trust shall have the power to dispose of or to charge by way of anticipation, any interest given such beneficiary." Thus, the beneficiaries are not able to freely transfer their interest in the Vera Trust and this fifth factor is not met.

## IV. CONCLUSION/ORDER

For the foregoing reasons, the Vera Trust is not a business trust and the Motion to Dismiss is **GRANTED**.

Ordered:

June 3, 2024

Thad J. Collins
Chief Bankruptcy Judge